## JAMES LOUDON & CO. v. UNITED STATES

No. 5589.—Invoice dated Tokyo, Japan, February 3, 1940.
Entered at Los Angeles, Calif., March 1, 1940.
Entry No. 7255.

(Decided March 5, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

DALLINGER, Judge: This appeal to reappraisement involves the question of the dutiable value of certain cotton gloves imported from Japan in March, 1940, and which were appraised as entered. On April 8, 1940, the collector sent the importer a notice that the value of the merchandise had been advanced 4 per centum.

At the hearing, held at Los Angeles on December 8, 1941, the following colloquy took place:

Mr. SPECTOR. I understand that in this appeal the unit values have been appraised at the entered values. There is no dispute about that. The only dispute is that when the importer calculated the deductions that he made, he calculated them erroneously. In other words, he deducted for duty 191.14 yen instead of 141.14 yen, which the Government claims he should have deducted.

Mr. GOTTFRIED. The importer's position is that the correct deduction is 191.14 yen which was the deduction made on entry. * * *

The plaintiffs then offered in evidence the testimony of Francisco Castelazo, manager of James Loudon & Co., customs brokers and the importers of record. He testified that he had prepared the entry in the case at bar, and that the merchandise was invoiced "at cases of merchandise, c. i. f. duty and landing charges paid at Los Angeles." The witness then testified as follows:

Q. In arriving at the entered dutiable value, what did you do?—A. I took the c. i. f. landed value, including duty of $763.70. From that amount, I deducted a total of 219.13 yen which represented the shipping charges, the freight, the insurance, the consul fee, and the landing charges at Los Angeles, which at the rate of exchange on the date of exportation was .234362 sen per yen equalled $51.36. That gave me a balance of $712.34, representing the f. o. b. value, plus duty, and in order to arrive at the f. o. b. value since the duty was 45 per cent I divided such amount of $712.34 by 1.45 which gave me $491.26 as the dutiable value. Of that, I took 45 per cent duty which amounted to $221.08. In order to prove my calculation, I added $491.26, plus $51.36, the shipping expenses, and $221.08 and that gave me a total of $763.70, making the calculation correct.

On cross-examination the witness testified in part as follows:

X Q. Those charges on the invoice, they were billed to you by the exporter in that manner?—A. The value billed by the exporter was $763.70, duty and landing charges paid.

X Q. Who put that "duty and landing charges" on the invoice?—A. The exporter did that.

X Q. In other words, those were the items which he wanted you to deduct in those amounts?—A. He said they were included in the selling price.

X Q. They were set aside in the selling price so that it covered those amounts?—A. That's right.

X Q. In other words, the exporter took that into consideration when he set forth those amounts on the invoice?—A. That's right.

An examination of the papers in this case discloses that the appraiser appraised the merchandise at the entered value. But the collector, apparently dissatisfied with the appraised value, increased the same from $491.39 to $514 as shown by the figures in red ink on the sheet attached to the consumption entry. This, of course, he had no authority to do. What he should have done, in case he was dissatisfied with the value found by the appraiser, was to file with this court a collector's appeal to reappraisement.

On the facts and the law applicable thereto I find that the dutiable value of the merchandise herein was the entered value thereof. Judgment will be rendered accordingly.